# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LEE TAYLOR, | ) Case No.: 1:15-cv-00371- --- - JLT |
| Plaintiff, | ) ORDER DIRECTING THE CLERK OF COURT TO ASSIGN A UNITED STATES DISTRICT JUDGE TO THE ACTION |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTIONS TO PROCEED IN FORMA PAUPERIS AND DISMISSING PLAINTIFF'S COMPLAINT WITHOUT LEAVE TO AMEND |
| Defendant. | ) |

Plantiff Anthony Lee Taylor seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying his application for Social Security benefits. Pending before the Court are the complaint (Doc. 1) and motion to proceed *in forma pauperis* (Doc. 2) filed by Plaintiff on March 9, 2015. For the following reasons, the Court recommends Plaintiff's motion to proceed in forma pauperis be **DENIED** and the complaint be **DISMISSED** without leave to amend.

**I.     Motion to Proceed In Forma Pauperis**

As a general rule, all parties instituting any civil action, suit or proceeding in a United States District Court must pay a filing fee. 28 U.S.C. § 1914(a). However, the Court may authorize the initiation of an action "without prepayment of fees and costs of security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C.

§ 1915(a)(1). Thus, an action may proceed without payment of the filing fee only if leave to proceed in forma pauperis is granted by the Court. *See Rodriguez v. Cook*, 169 F.3d 1178, 1177 (9th Cir. 1999).

The Ninth Circuit has held "permission to proceed in forma pauperis is itself a matter of privilege and not a right; denial of an informa pauperis status does not violate the applicant's right to due process." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (citing *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963)). The Court has broad discretion to grant or deny a motion to proceed in forma pauperis. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990); *Weller,* 314 F.2d at 600-01. In making a determination, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F.Supp. 848, 850 (D.R.I. 1984).

Here, the Court recommends the motions to proceed *in forma pauperis* be denied because, as discussed below, Plaintiff fails to state a cognizable claim upon which relief may be granted by the Court. *See* 28 U.S.C.§ 1915(e)(2).

## II.     Screening Requirement

When an individual seeks to proceed in forma pauperis, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.    Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and ... a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court explained,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume them to be true and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.     Discussion and Analysis**

Plaintiff asserts that he an application for Social Security benefits in 2008, which was denied by the Social Security Administration ("SSA"). (Doc. 1 at 1-2.) Plaintiff requested judicial review of the decision by this Court, and while that action was pending, he filed a second application for benefits "circa 2010."[1] (*Id.* at 2.) Plaintiff's second application was denied at the initial level. (*Id.*) He alleges that he filed a request for reconsideration of the claim on March 15, 2013, and his "representative was

---

[1] An exhibit to the Complaint indicates Plaintiff's second application was dated January 27, 2011. (Doc. 1 at 11.)

informed by SSA employees that [the] SSA had lost Mr. Taylor's Request for Reconsideration." (*Id.* at 2, 4.) Therefore, Plaintiff filed this action, requesting that the Court "[r]everse the initial decision of the defendant, and "[f]ind that plaintiff is entitled to SSI disability benefits…." or remand the action to the Administration for further proceedings. (*Id.* at 3.)

Importantly, the district court is a court of limited jurisdiction, and is empowered only to hear disputes "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The Court has jurisdiction to review a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. §405(g), which provides in relevant part:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced **within sixty days after the mailing to him of such decision** or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* (emphasis added). Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency." 42 U.S.C. § 405(h). The Supreme Court noted the purpose of the legislation was "to forestall repetitive or belated litigation of stale eligibility claims." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). These regulations operate as a statute of limitations for claimant to appeal a final decision of the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 479 (1986)); *Banta v. Sullivan*, 925 F.2d 343, 243 (9th Cir. 1991) ("the sixty-day time limit is not jurisdictional, but is instead a statute of limitation").

This statute of limitation "must be strictly construed." *Bowen*, 476 U.S. at 479; *see also Fletcher v. Apfel,* 210 F.3d 510 (5th Cir.2000) (affirming summary judgment in favor of the Commissioner where the claimant sought review one day after the statute of limitations had expired). Although the sixty-day time limit may be waived, *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975), Plaintiff does not allege facts supporting a waiver. Moreover, Plaintiff fails to allege facts that support equitable tolling of the claim for approximately several years, such that "deference to the agency's judgment is inappropriate." *Bowen* , 476 U.S. at 480 (citation omitted).

### V.     Order

Plaintiff failed to seek review of the decision to deny his application for benefits within the timeframe permitted by statute.  Good cause appearing, the Clerk of Court is **DIRECTED** to assign a United States District Judge to this action.

### VI.     Findings and Recommendations

Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

1. Plaintiff's request to proceed *in forma pauperis* (Doc. 2) be **DENIED**;
2. Plaintiff's Complaint be **DISMISSED WITHOUT LEAVE TO AMEND**; and
3. The Clerk of Court be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **April 7, 2015**               **/s/ Jennifer L. Thurston**
                                                      UNITED STATES MAGISTRATE JUDGE